United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20287
Summary Calendar

_____

LAXMI SARWAL,

Plaintiff-Appellant,

versus

ANTHONY PRINCIPI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. H-04-1942

_____

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:*

Laxmi Sarwal appeals the district court's grant of summary judgment to defendant Anthony Principi on retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. Sarwal fails to present a prima facie case of reprisal, and we therefore AFFIRM.

## I. BACKGROUND

Sarwal worked as a Staff Assistant in the Women's Health Center within the Veterans Affairs Medical Center ("VA") in

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Houston, Texas, performing primarily administrative duties. In November 2000, Sarwal filed a discrimination complaint with the VA Office of Employment Discrimination, which she amended in March 2001, August 2001, and May 2002. In her initial charge and the subsequent amendments, Sarwal alleged twelve incidents or grounds on which her employer discriminated against her on the basis of race, national origin, sex, and color, and improperly retaliated against her for prior EEO filings.

On August 27, 2002, the VA Office of Employment Discrimination issued a Final Agency Decision dismissing Sarwal's first claim for untimeliness and failure to state a claim and dismissing the remainder of her claims for lack of evidence of discrimination. Sarwal appealed to the United States Equal Employment Opportunity Commission ("EEOC"). On appeal, Sarwal focused on her claim that she was improperly issued a letter of counseling for failing to comply with the VA's dress code.

On February 14, 2004, the EEOC determined that Sarwal had presented a prima facie case of reprisal and ordered the VA to remove all documentation of the letter of counseling from Sarwal's personnel file. However, the EEOC also determined that Sarwal failed to establish that the VA discriminated against her based on race, national origin, sex, or color.

On May 13, 2004, Sarwal filed the present action in federal court, focusing on the letter of counseling regarding the dress code and on a claim that the VA improperly retaliated against

2

her by denying her a monetary incentive award. On March 2, 2006, the district court granted the defendant's motion for summary judgment on both counts. The court found that Sarwal was unable to establish that the VA took an "adverse employment action" against her, and therefore she did not present a prima facie case of retaliation. Sarwal filed a timely appeal before this court.

## II.  DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standards as the trial court. MacLachlan v. ExxonMobil Corp., 350 F.3d 472, 478 (5th Cir. 2003). A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Courts analyze a motion for summary judgment in Title VII retaliation claims using the McDonnell Douglas three-step, burden-shifting framework. Hockman v. Westward Commc'ns, L.L.C., 407 F.3d 317, 330 (5th Cir. 2004); see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824 (1973). Under this framework, Sarwal first must establish a prima facie case by presenting evidence that: (1) she engaged in protected conduct, (2) she was thereafter subjected to an adverse employment action, and (3) the adverse employment action was taken in response to her

3

protected conduct. <u>Hockman</u>, 407 F.3d at 330. The burden then shifts to the defendant to articulate a legitimate, nonretaliatory reason for the adverse employment action. <u>Id.</u> Once such a reason is given, Sarwal must present evidence showing that the proffered rationale is pretextual. <u>Id.</u>

The district court determined that Sarwal failed to present a prima facie case of retaliation because the actions taken by the defendant, placing the counseling letter in her file and refusing the monetary incentive award, did not constitute "ultimate employment decisions." <u>See</u> <u>Mattern v. Eastman Kodak Co.</u>, 104 F.3d 707-08 (5th Cir.), <u>cert.</u> <u>denied</u>, 522 U.S. 932, 118 S. Ct. 336 (1997). Sarwal argues that this contravenes the Supreme Court's recent ruling in <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, __ U.S. __, 126 S. Ct. 2405 (2006), in which the Court rejected the "ultimate employment decision" framework and held that a plaintiff need only "show that a reasonable employee would have found the challenged action materially adverse" in order to state a prima facie case for retaliation. <u>Id.</u> at 2415.

We need not determine whether the actions asserted by Sarwal meet this new standard for an adverse employment action as her claims fail on other grounds. With respect to the counseling letter, Sarwal is unable to establish that it was ever put into her personnel folder, and she presented no summary judgment evidence

4

that the letter had any disciplinary effect.[1]  As such, it cannot be considered an adverse employment action, and the district court properly granted summary judgment.

As to the incentive award, the record is devoid of any evidence that the alleged discriminating individual, Sarwal's supervisor Smith, participated in the decision to refuse the award. In fact, the evidence shows that Smith <u>recommended</u> that Sarwal receive the award; her authority, however, was limited to nominating an individual, and Dr. Ella Curry made the final decision.  Contrary to Sarwal's claim that Smith retaliated against her, the defendants presented an email dated August 23, 2000, in which the Administrative Officer for the VA Chief of Staff informed Smith that <u>Curry</u> had denied the award to Sarwal.  Sarwal argues that in her deposition, Curry could not recall denying the award. This deposition, given five years after the fact, is insufficient to establish a genuine issue of material fact as to whether Smith discriminated against Sarwal in denying the award.  See <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) ("When the moving party has carried its [initial] burden ... its opponent must do more than simply show that there is some metaphysical doubt as to the material facts....

---

[1]    Although the EEOC did order the letter removed from Sarwal's personnel file, Sarwal presented no evidence to this court or the district court that the letter was ever there, and the EEOC's finding is not entitled to deference. Smith specifically denied that the letter was placed in Sarwal's file, and Sarwal admitted that she had never actually seen the file.

5

[T]he nonmoving party must come forward with specific facts showing that there is a <u>genuine issue for trial</u>") (internal citations and quotation marks omitted) (emphasis in original). As there is no evidence that Smith took <u>any</u> adverse action regarding the award, let alone evidence that she did so with a discriminatory intent, the district court properly granted summary judgment to the defendant.

### III. CONCLUSION

Sarwal is unable to present a prima facie case of retaliation, as she cannot produce evidence that the defendants took any adverse employment action against her. The district court's grant of summary judgment is **AFFIRMED.**