**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-30996

CONNIE M LOVE,

Plaintiff-Appellant

v.

MOTIVA ENTERPRISES LLC,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-5970

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Connie M. Love appeals the district court's grant of summary judgment in favor of her employer, Motiva Enterprises LLC, in this same-sex sexual harassment and retaliation case, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Upon *de novo* review of the record, we conclude that Love has not shown conduct constituting harassment because of sex, and we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Allegations of same-sex sexual harassment require the plaintiff to establish that "the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted *discrimination* because of sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S. Ct. 998, 1002 (1998) (quotations and ellipses omitted). We follow a two-step inquiry in such cases, determining first whether the alleged harasser's conduct was actually sex discrimination, and second whether the conduct meets the standard for a *quid quo pro* or hostile work environment claim. *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 478 (5th Cir. 2002). A plaintiff in a same-sex sexual harassment case may establish discrimination because of sex by showing: (1) "the alleged harasser made 'explicit or implicit proposals of sexual activity' and provid[ing] 'credible evidence that the harasser was homosexual;'" (2) "the harasser was 'motivated by general hostility to the presence of [members of the same sex] in the workplace;'" or (3) "'direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.'" *Id.* (quoting *Oncale*, 523 U.S. at 80, 118 S. Ct. at 1002). It is the claim that this case involves the first type of evidence.

## II.

Love was employed in the coker unit at Motiva's plant in Norco, Louisiana, from 2000 until she went on disability leave in September 2006. She was absent from work from October 2005 until January 2006 due to gastric bypass surgery. Love alleged that before and after her surgery, co-worker Jeanne Sirey subjected her to sexual harassment through inappropriate comments, gestures, and physical contact. She concedes that Sirey never made explicit proposals for sexual activity but argues that Sirey's actions were implicitly suggestive proposals for sex. The district court held, *inter alia*, that Love's evidence, while showing rude and humiliating behavior by Sirey, failed to establish that Sirey

had a sexual interest in Love because Sirey's conduct was generally accompanied by derogatory comments about Love's appearance and character. We agree.

The evidence shows that Sirey derided Love, frequently calling her a "stupid bitch," "fat cow," and "disgusting." She allegedly told Love that she was a "sorry excuse for a woman because she did not make the coker conducive for women to work in;" that she was a "failure as a woman;" and that "You think that's a body you have? You should be ashamed." Sirey also allegedly touched Love with her hands on two occasions. On the first, Sirey confronted Love in the changing room and ran her finger under Love's bra strap and her underwear near her hip while at the same time calling Love "fat" and "disgusting." On another occasion, Sirey began rubbing Love's shoulders and back while Love was at the lunch table. When Love protested, Sirey said she was "just being friendly." Love testified that Sirey also would seek her out at company functions, stand next to her, and touch her arm to let her know Sirey was present. We agree with the district court, that these incidents, while offensive and inappropriate, do not support an inference of sexual attraction and implicit proposals for sex in light of Sirey's consistent insults toward Love and demonstrated negative feelings about Love and her appearance. Sirey's conduct is more indicative of humiliating or bullying behavior. *See La Day*, 302 F.3d at 480 (requiring "evidence suggesting that the harasser intended to have some kind of sexual contact with the plaintiff rather than merely to humiliate him for reasons unrelated to sexual interest").

Love argues, however, that after her weight loss and return to work from surgery she was obviously more attractive to Sirey, and that Sirey's inappropriate conduct was no longer accompanied by negative remarks. According to Love, Sirey tried to hug her on her first day back at work while giving Love a ride in a company truck. She also argues that on at least twenty occasions, Sirey rubbed her breasts against Love while reaching for a log book

3

located in Love's work area. Sirey also locked Love in the women's changing area and bathroom, stating that she would not free Love unless Love were nice to her and did favors for her. We conclude from the totality of the circumstances, that these incidents, while unacceptable, do not support a finding of implicit proposals for sex.

Sirey had a long history of insulting Love, which cannot be ignored or explained away by the overly simplistic view that Love's surgery rendered her desirable to Sirey. Further, Sirey had a poor attitude toward all her co-workers, as documented by negative comments in her personnel file, and a history of name-calling and treating others rudely and disrespectfully. Despite Love's assertion that Sirey's derogatory comments to her ceased after the weight-loss surgery due to an allegedly new-found sexual interest in Love, the record shows otherwise. Love testified that even on her last day at work Sirey made derogatory comments to her in the changing room, which she alleged in the complaint were about her physical appearance. Love further testified that when Sirey made allegedly sexually suggestive gestures by licking her lips, the gestures were accompanied by comments like "You think you're a woman," and "Just be aware. Always look over your shoulder." Love's complaint alleged that these threatening comments occurred in March 2006, after her surgery. Any sexually suggestive connotation in Sirey's actions toward Love is destroyed when considered in the context of Sirey's rude and obnoxious persona, which was directed at all co-workers generally, and her overall insulting and intimidating attitude toward Love specifically. We conclude, therefore, that Love has failed to show implicit proposals for sexual activity.

We also conclude that Love failed to present credible evidence that Sirey is homosexual. Love relied in the district court on two pieces of evidence in this regard. First, she offered a post-deposition declaration stating that Sirey had tried to kiss her on one occasion and that she had seen Sirey kissing another

woman on another occasion. The district court properly disregarded these statements, however, because they are clearly inconsistent with Love's deposition testimony that she had no knowledge about Sirey's sexual orientation.[1] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (an affidavit in opposition to summary judgment that contradicts without explanation deposition testimony is properly disregarded). Love expressly does not challenge this portion of the district court's ruling.

Second, Love offered a declaration from a co-worker who averred that on several unspecified occasions of personal conflict with Sirey when Sirey was "pissed off," the co-worker "heard Sirey state loudly several times that the reason the men did not like her was because she was gay or female." The district court excluded this statement as hearsay and as ambiguous. It is not hearsay if offered merely to show that Sirey made the statement or her state of mind at the time. *See* FED. R. EVID. 803(3). But we do not find the statement to be clear and credible proof that Sirey is homosexual sufficient to defeat summary judgment. It is not clear whether the co-worker was uncertain which of the two conditions Sirey allegedly asserted as the reason for the men's feelings or whether the co-worker heard Sirey express one or both conditions. But at most, the statement indicates Sirey's assessment of what her male co-workers think about her and does not affirmatively show Sirey is homosexual. Love's failure to show through sufficient proof that Sirey is homosexual is by itself fatal to her claim. *See La Day*, 302 F.3d at 478. We conclude that the district court properly granted summary judgment to the defendant on Love's sexual harassment claim.

---

[1] Love also points to her declaration as providing additional evidence of Sirey's implicit suggestions for sexual activity that she "now remembers," including Sirey's allegedly caressing Love's shoulder and arms, making comments about Love's perfume and uniforms, and staring at her from a distance. To the extent that Love's declaration attempts to "tell[] the same story differently" from her deposition testimony, it is properly not considered. *See S.W.S. Erectors*, 72 F.3d at 496.

### III.

Love also raises a claim of retaliation. A plaintiff raising a claim of retaliation must establish a prima facie case by showing "(1) that she engaged in activity protected by [T]itle VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *La Day*, 302 F.3d at 483. An adverse employment action occurs when "a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006) (internal quotations and citations omitted). The standard is an objective one, and "the significance of any given act of retaliation will often depend upon the particular circumstances." *Id.* at 69.

Love argues that she received unjustified discipline and negative comments in her personnel file and that she was removed from her position as a board operator without being given other light duty work. The record shows that two alarm incidents occurred while Love was working as a board operator, the first on August 17, 2006, and the second on August 28, 2006. In response to the first incident, Motiva concluded after an investigation that Love failed to take appropriate action in response to the alarm. Motiva issued her an Oral Reminder, which is the lowest of three forms of formal company discipline. After the second alarm incident, Motiva concluded that Love again failed to respond appropriately and that she should be removed from her position as board operator. Love was not given another light duty position because of physical limitations on her work capacity, and Love began collecting disability pay. We conclude that Love fails to show retaliation.

The negative comments and the Oral Reminder would not have "dissuaded a reasonable worker from making or supporting a charge of discrimination."

*Burlington*, 548 U.S. at 68, 126 S. Ct. at 2415. The negative comments alone were not part of Motiva's formal disciplinary process and constituted coaching or counseling. The coaching comments in Love's personnel log also included positive remarks. *See Sarwal v. Principi*, 226 F. App'x 334, 336 (5th Cir. 2007); *see also Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 648 (7th Cir. 2005) (holding that evaluations and written warnings were not adverse actions because none had tangible job consequences and would not have dissuaded a reasonable employee from making a discrimination charge). The record further shows that there were colorable grounds for the Oral Reminder. Motiva presented an affidavit from the Production Assurance Manager with accompanying graphs documenting the alarm incidents and explaining the results of the company's investigation. Love failed to meet this evidence with sufficient, competent rebuttal evidence. Although she contends that she responded appropriately to the alarm incidents, that her personnel file was altered and backdated, and that she was suspended from work for two days in addition to receiving the Oral Reminder, there is no evidence supporting her assertions, and Love conceded as much during her deposition. Summary judgment may not be defeated by unsupported, conclusory allegations. *See Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

Moreover, Love fails to show a causal connection between Motiva's actions and her complaints about Sirey. Love relies primarily on timing to establish a causal connection, contending that the negative comments, Oral Reminder, and removal from her position followed closely behind contact with Motiva from her attorney and a threat to file an EEOC complaint. The suspicious timing of employment action along with significant other evidence of pretext can defeat a summary judgment motion. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999). Here, evidence of pretext is absent. "[O]nce the employer offers a legitimate, nondiscriminatory reason that explains both the

adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive." *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). As noted above, Motiva offered the affidavit and graphs documenting the alarm incidents. Although Love disputes the accuracy of Motiva's evidence, we do not second-guess an employer's non-discriminatory assessment of an employee's performance. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2002). We find nothing in the record that would persuade a reasonable jury that pretext was the real reason for Motiva's actions. Accordingly, the district court properly granted summary judgment on the retaliation claim.

    AFFIRMED.

DENNIS, Circuit Judge, concurring in part, dissenting in part:

I CONCUR in the treatment of the retaliation claim in Part III of the majority opinion, but I respectfully DISSENT from Parts I and II of the majority opinion.

The summary judgment record reflects that, over a period of a year-and-a-half when Love and Sirey were co-workers at Motiva's Norco refinery, Sirey repeatedly rubbed her breasts and groin area against Love's legs and upper body; touched Love under her bra and underwear straps while she was otherwise undressed; requested sexually-charged "favors" from Love on numerous occasions while, at times, fondling her own body; attempted to kiss and hug Love; complimented Love on her good looks; and stalked and touched Love at company functions and at Love's work station. Separately, Sirey was seen intimately kissing another woman and overheard referring to herself as "gay." Yet the majority concludes that Love's claim for same-sex sexual harassment does not survive summary judgment because Sirey's alleged advances were canceled out "when considered in the context of Sirey's rude and obnoxious persona . . . and her overall insulting and intimidating attitude toward Love," maj. op. at 4, and because Love did not "show . . . that Sirey is homosexual[,]" *id.* at 5.

I respectfully disagree with the majority's legal premises and factual determinations. First, the majority misreads the test for same-sex sexual harassment that the Supreme Court announced in *Oncale v. Sundowner Offshore Services., Inc.*, 523 U.S. 75 (1998). My colleagues erroneously conclude that Sirey's mixture of amours and animosity cannot amount to sexual harassment unless, as a threshold, the plaintiff first establishes Sirey's homosexuality. Second, the majority's weighing and resolving of competing inferences is inappropriate in a federal court's decision of a motion for summary judgment. Love has demonstrated that there are genuine issues of material fact as to whether Sirey harassed Love "because of sex" and whether that

harassment amounted to a hostile work environment. Accordingly, Motiva is not entitled to summary judgment.

## I.

In *Oncale*, the Supreme Court held that "nothing in Title VII necessarily bars a claim of discrimination 'because of . . . sex' merely because the plaintiff and the defendant (or the person charged with acting on behalf of the defendant) are of the same sex." *Id.* at 79. The "critical" inquiry for any sexual harassment claim, the Court explained, "is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* at 80 (quotation marks and citation omitted). In the context of a same-sex sexual harassment claim, this means the plaintiff "must always prove that the conduct at issue . . . constituted *'discrimina[tion] . . . because of . . . sex.'"*[1] *Id.* at 81. After setting forth this standard, the Court provided three examples of how a plaintiff might go about proving discrimination because of sex:

> Courts and juries have found the inference of discrimination easy to draw in most male-female sexual harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity; it is reasonable to assume those proposals would not have been made to someone of the same sex. The same chain of inference would be available to a plaintiff alleging same-sex harassment, if there were credible evidence that

---

[1] Love's allegations fall within the category of "hostile or abusive working environment" sexual harassment. *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 434 (5th Cir. 2005). When the alleged harasser is a co-worker (as opposed to a supervisor), *see Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298 n.2 (5th Cir. 2001), a hostile work environment claim requires a prima facie showing that the plaintiff is a member of a protected group; was the target of sexual harassment; the harassment was based on sex; the harassment affected a "term, condition or privilege" of the plaintiff's employment; and the plaintiff's employer knew or should have known about the harassment but failed to remedy it, *Harvill*, 433 F.3d at 434 (citing *Woods*, 274 F.3d at 298).

the harasser was homosexual. But harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex. A trier of fact might reasonably find such discrimination, for example, if a female victim is harassed in such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by general hostility to the presence of women in the workplace. A same-sex harassment plaintiff may also, of course, offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.

*Id*. at 80-81. In my opinion, the majority misreads *Oncale's* examples, not merely as typical instances of proof, but as rigid formulae by which every same-sex sexual harassment claim must survive or perish. Maj. op. at 2. But nothing in *Oncale* suggests that the Court intended them to be anything other than non-exhaustive, instructive illustrations – announced by the use of "for example" – by which a plaintiff might show same-sex sexual harassment. As the Seventh Circuit Court of Appeals explained:

The Court's focus was on what the plaintiff must ultimately prove rather than the methods of doing so. Indeed, the Court has previously made clear that the means of proving discrimination cannot be reduced to rigid formulae. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311-13 (1996) [(age discrimination)]; *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978) [(race discrimination)]. What matters, then, is not whether the facts that [the plaintiff] has alleged correspond exactly to any of the examples the Supreme Court has identified, but whether a

11

reasonable factfinder could infer from those facts that [the plaintiff] was harassed "because of" his sex.

*Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999).[2] Therefore, *Oncale* does not require that a plaintiff show that a same-sex harasser was either amorously motivated or homosexually oriented, as the majority opinion seems to suggest: rather, she need merely show that she was harassed "because of sex."

## II.

Moreover, *Oncale* made abundantly clear that, for a plaintiff to prove that she was sexually harassed, she need not show that the harasser was "motivated by sexual desire." *Oncale*, 523 U.S. at 80. Therefore, the majority's determination that Love's allegations could not "support an inference of [homo]sexual attraction and implicit proposals for sex" because of Sirey's accompanying derogatory and insulting language, maj. op. at 3, is mistaken because it rests on the faulty premise that an abuser must focus on his victim in a desirous or lustful way.[3] Whether it is Sirey's clearly sexually motivated

---

[2] *See also, e.g.*, *Pedroza v. Cintas Corp.*, 397 F.3d 1063, 1068 (8th Cir. 2005) (describing the list of evidentiary routes as "non-exhaustive"); *James v. Platte River Steel Co.*, 113 F. App'x. 864, 867 (10th Cir. 2004) (unpublished) ("As other circuits have recognized, we also note that there is nothing in the Supreme Court's decision in *Oncale* indicating that the examples it provided were meant to be exhaustive rather than instructive." (brackets, quotation marks and citation omitted)); Clare Diefenbach, *Same-Sex Sexual Harassment After Oncale: Meeting the "Because of . . . Sex" Requirement*, 22 BERKELEY J. GENDER, L. & JUST. 42, 74 (2007) ("*Oncale* does not require that a plaintiff prove his or her case under one of the three evidentiary routes described in that opinion. First, the holding of *Oncale* is simply that same-sex sexual harassment is actionable under Title VII as a form of sex discrimination[.] Second, in its discussion the Court does not assert that same-sex sex discrimination can be found only under one of its described routes.").

[3] The majority ignores that love-hate relationships, for example, are quite common and well documented. *See, e.g.*, Marianne C. DelPo, *The Thin Line Between Love and Hate: Same-Sex Hostile-Environment Sexual Harassment*, 40 SANTA CLARA L. REV. 1, 1-2 (1999) ("Since cross-gender hostile-environment sexual harassment has been deemed illegal whether the harasser desires or hates his victim, so too must same-sex hostile-environment harassment be actionable under Title VII in either situation."); Diefenbach, *supra* note 3, at 75 (observing that often, "for example, . . . men will torment each other, but not women, in sexual ways as

advances such as, for example, the rubbing of her private parts on Love's body or her insults and put-downs such as "sorry excuse for a woman," "fat cow," "bitch," "failure as a woman," "useless as a woman," and "[y]ou think that's a body you have," they were all aimed at Love as a woman, i.e., "because of sex." For this reason alone, I believe that Love has established a submissible case that Sirey abused her "because of sex."

Further, the majority's weighing and resolving of factual disputes is inappropriate in a federal court's decision of a motion for summary judgment. Where the summary judgment record supports competing versions of events, as is the case here, it is the "factfinder [who] ultimately will have to decide which side has the greater weight of the evidence." *La Day v. Catalyst Technology, Inc.*, 302 F.3d 474, 480 (5th Cir. 2002). The majority's conclusion that "Sirey's conduct is more *indicative* of humiliating or bullying behavior[,]"maj. op. at 3 (emphasis added), is just one of many reasonable interpretations of the summary judgment evidence.[4] But, as this court observed in another case where a same-sex harasser engaged in conduct from which one could infer an intent to embarrass and an intent to solicit sex: "[i]t is certainly possible that [the harasser] was simply trying to humiliate [the plaintiff] for reasons unrelated to any sexual interest . . . . [But w]hen we view the summary judgment evidence in the light most favorable to [the plaintiff]. . .[,] there is credible evidence that [the harasser] . . . was making sexual advances." *Id.*[5]

---

a means of emasculating or humiliating the victim").

[4] Sirey's insults and threats do not disprove her earlier acts of sexual discrimination but instead tend to corroborate them by showing that she was angry over Love's rejection of her advances. *See La Day*, 302 F.3d at 480 ("[L]ater hostility . . . plausibly could be interpreted as anger over [the plaintiff's] rejection of [the harasser's] sexual advances.").

[5] Contrary to the majority opinion, Love's deposition testimony that she did not know whether Sirey was gay is not "clearly inconsistent," maj. op. at 5, with her declaration and other evidence and was therefore properly before the court. If she thought she was being asked for a clinical opinion of Sirey's sexual orientation, Love may have thought she lacked

## III.

Contrary to the district court, I think Love demonstrated that there is also a genuine issue as to the material fact of whether Sirey's harassment of Love because of her sex created a hostile work environment for her. To constitute a hostile work environment, the alleged harassment must be "severe or pervasive," *La Day*, 302 F.3d at 482 (quotation marks omitted), judged from the viewpoint of a "reasonable person in the plaintiff's position," *Oncale*, 523 U.S. at 82, and perceived as such by the victim, *Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d 263, 269 (5th Cir. 1998) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)). A court's analysis of whether or not harassment is severe or pervasive must "consider[] all circumstances," *Oncale*, 523 U.S. at 81, "including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating . . .; and whether it unreasonably interferes with an employee's work performance.'" *Faragher*, 524 U.S. at 787 (quoting *Harris*, 510 U.S. at 23). There is no doubt that Sirey's advances were subjectively offensive to Love and would have been found to be objectively offensive by a reasonable person in her shoes; as the majority correctly states, Sirey's conduct was also "humiliating"; various of Sirey's verbal assaults were "threatening"; and there is significant evidence to create at least a factual issue as to whether the harassment interfered with Love's work performance. Accordingly, Love has

---

the knowledge and training to make such an assessment. Further, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996), on which the majority relies in disregarding parts of Love's declaration, held that an affidavit may be used in opposition to summary judgment if it clarifies or amplifies the facts by giving greater detail or additional facts not previously provided in the deposition, as is the case here. *Id.* at 496. Moreover, Sirey's documented statements and advances alone are enough for a trier of fact to conclude that she was homosexual. *See La Day*, 302 F.3d at 480 (holding evidence of a harasser's intention "to have some kind of sexual contact with the plaintiff" "especially 'credible' proof that the harasser may be homosexual"); *Richardson v. BFI Waste Systems of North Am., Inc.*, 232 F.3d 207, 2000 WL 1272455, at *2 (5th Cir. 2000) (unpublished) (holding a reasonable jury could infer from the harasser's advances that he was homosexual despite denials to the contrary). But of course a reasonable trier of fact could find that Sirey harassed Love because of her sex regardless of whether Sirey was a homosexual.

demonstrated that there is a genuine dispute as to the material issue of whether she was subjected to a hostile work environment.[6]

Therefore, because a reasonable jury could return a verdict for the non-movant on the issues of whether Love was harassed because of sex and whether she was subjected to a hostile work environment, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), I respectfully DISSENT from Parts I and II, while concurring in Part III, of the majority opinion.

---

[6] Motiva does not raise the affirmative defense that "(1) it exercised reasonable care to prevent and correct promptly any such sexual harassment, and (2) [Love] unreasonably failed to take advantage of any preventive or corrective opportunities provided by [Motiva] or to avoid harm otherwise." *La Day*, 302 F.3d at 483 (quotation marks and brackets omitted).