IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2007**

No. 06-60513
Summary Calendar

RALPH S. SANDERS

                           Plaintiff-Appellant

V.

WESTERN WATER FEATURES, INC.

                           Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
4:03-CV-335

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ralph S. Sanders ("Sanders") appeals the district court's grant of summary judgment to Western Water Features, Inc. ("WWF") in this race discrimination case brought under Title VII.[1] Because Sanders failed to present any evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The pertinent statutory text provides:
> It shall be an unlawful employment practice for an employer to… discriminate against any individual with respect to his compensation… because of such individual's race.

42 U.S.C. § 2000e-2.

to establish his prima facie case of race discrimination, we affirm the district court's grant of summary judgment to WWF.

WWF is a construction company specializing in the construction of water theme parks. Sanders applied for employment with WWF, and was hired as a plumber-helper on WWF's Geyser Fall's Theme Park project in Neshoba County, Mississippi. WWF employed Sanders for four days. He failed to report to work the following week and WWF considered Sanders as having voluntarily resigned. After filing with the EEOC and receiving a "right to sue" letter, Sanders proceeded to bring a claim against WWF alleging that he was paid less than other workers because of his race.

We evaluate claims of racial discrimination based only on circumstantial evidence under the familiar burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Under this framework, plaintiffs begin by establishing a prima facie case of discrimination. Pratt v. City of Houston, 247 F.3d 601, 606 (5th Cir. 2001). In a case such as this alleging discriminatory compensation, a plaintiff must prove "(1) that she is a member of a protected class and (2) that she is paid less than a nonmember for work requiring substantially the same responsibility." Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1431 (5th Cir. 1984). We review a district court's grant of summary judgment de novo using the same standard as the district court. Chacko v. Sabre Inc., 473 F.3d 604, 609 (5th Cir. 2006). In order to avoid summary judgment, the nonmoving party must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (internal quotations omitted).

The district court granted summary judgment as to Sanders' claim because he failed to present the necessary evidence to establish a prima facie case of race

discrimination. Letters from Sanders to the court provide the only evidence of discriminatory compensation found in the summary judgment record.[2] These letters do nothing more than restate the allegations found in Sanders' pleading. Therefore, he failed to establish the necessary evidence to survive summary judgment on his claim of race discrimination.

We AFFIRM the district court's grant of summary judgment.

---

[2] It appears that Sanders submitted a number of documents to the district court after WWF's summary judgment motion was granted. The contents of these documents cannot impact our decision on appeal. In reviewing the district court's grant of summary judgment we are limited to the record evidence considered by the district court. See Wallace, 80 F.3d at 1047 ("[W]e consider only the evidence that was in front of the district court in our analysis of [whether] summary judgment was improper.").