PER CURIAM: *
Connie M. Love appeals the district court’s grant of summary judgment in favor of her employer, Motiva Enterprises *902 LLC, in this same-sex sexual harassment and retaliation case, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Upon de novo review of the record, we conclude that Love has not shown conduct constituting harassment because of sex, and we AFFIRM.
I.
Allegations of same-sex sexual harassment require the plaintiff to establish that “the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimination because of sex.” Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81, 118 S.Ct. 998, 1002, 140 L.Ed.2d 201 (1998) (quotations and ellipses omitted). We follow a two-step inquiry in such cases, determining first whether the alleged harasser’s conduct was actually sex discrimination, and second whether the conduct meets the standard for a quid quo pro or hostile work environment claim. La Day v. Catalyst Tech., Inc., 302 F.3d 474, 478 (5th Cir.2002). A plaintiff in a same-sex sexual harassment case may establish discrimination because of sex by showing: (1) “the alleged harasser made ‘explicit or implicit proposals of sexual activity[5] and providing] ‘credible evidence that the harasser was homosexual;’ ” (2) “the harasser was ‘motivated by general hostility to the presence of [members of the same sex] in the workplace;’ ” or (3) “ ‘direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.’ ” Id. (quoting Oncale, 523 U.S. at 80, 118 S.Ct. at 1002). It is the claim that this case involves the first type of evidence.
II.
Love was employed in the coker unit at Motiva’s plant in Norco, Louisiana, from 2000 until she went on disability leave in September 2006. She was absent from work from October 2005 until January 2006 due to gastric bypass surgery. Love alleged that before and after her surgery, co-worker Jeanne Sirey subjected her to sexual harassment through inappropriate comments, gestures, and physical contact. She concedes that Sirey never made explicit proposals for sexual activity but argues that Sire/s actions were implicitly suggestive proposals for sex. The district court held, inter alia, that Love’s evidence, while showing rude and humiliating behavior by Sirey, failed to establish that Sirey had a sexual interest in Love because Sirey’s conduct was generally accompanied by derogatory comments about Love’s appearance and character. We agree.
The evidence shows that Sirey derided Love, frequently calling her a “stupid bitch,” “fat cow,” and “disgusting.” She allegedly told Love that she was a “sorry excuse for a woman because she did not make the coker conducive for women to work in;” that she was a “failure as a woman;” and that “You think that’s a body you have? You should be ashamed.” Sir-ey also allegedly touched Love with her hands on two occasions. On the first, Sir-ey confronted Love in the changing room and ran her finger under Love’s bra strap and her underwear near her hip while at the same time calling Love “fat” and “disgusting.” On another occasion, Sirey began rubbing Love’s shoulders and back while Love was at the lunch table. When Love protested, Sirey said she was “just being friendly.” Love testified that Sirey also would seek her out at company functions, stand next to her, and touch her arm to let her know Sirey was present. We agree with the district court, that these incidents, while offensive and inappropri *903 ate, do not support an inference of sexual attraction and implicit proposals for sex in light of Sirey’s consistent insults toward Love and demonstrated negative feelings about Love and her appearance. Sirey’s conduct is more indicative of humiliating or bullying behavior. See La Day, 302 F.3d at 480 (requiring “evidence suggesting that the harasser intended to have some kind of sexual contact with the plaintiff rather than merely to humiliate him for reasons unrelated to sexual interest”).
Love argues, however, that after her weight loss and return to work from surgery she was obviously more attractive to Sirey, and that Sirey’s inappropriate conduct was no longer accompanied by negative remarks. According to Love, Sirey tried to hug her on her first day back at work while giving Love a ride in a company truck. She also argues that on at least twenty occasions, Sirey rubbed her breasts against Love while reaching for a log book located in Love’s work area. Sirey also locked Love in the women’s changing area and bathroom, stating that she would not free Love unless Love were nice to her and did favors for her. We conclude from the totality of the circumstances, that these incidents, while unacceptable, do not support a finding of implicit proposals for sex.
Sirey had a long history of insulting Love, which cannot be ignored or explained away by the overly simplistic view that Love’s surgery rendered her desirable to Sirey. Further, Sirey had a poor attitude toward all her co-workers, as documented by negative comments in her personnel file, and a history of name-calling and treating others rudely and disrespectfully. Despite Love’s assertion that Sir-ey’s derogatory comments to her ceased after the weight-loss surgery due to an allegedly new-found sexual interest in Love, the record shows otherwise. Love testified that even on her last day at work Sirey made derogatory comments to her in the changing room, which she alleged in the complaint were about her physical appearance. Love further testified that when Sirey made allegedly sexually suggestive gestures by licking her lips, the gestures were accompanied by comments like “You think you’re a woman,” and “Just be aware. Always look over your shoulder.” Love’s complaint alleged that these threatening comments occurred in March 2006, after her surgery. Any sexually suggestive connotation in Sirey’s actions toward Love is destroyed when considered in the context of Sirey’s rude and obnoxious persona, which was directed at all co-workers generally, and her overall insulting and intimidating attitude toward Love specifically. We conclude, therefore, that Love has failed to show implicit proposals for sexual activity.
We also conclude that Love failed to present credible evidence that Sirey is homosexual. Love relied in the district court on two pieces of evidence in this regard. First, she offered a post-deposition declaration stating that Sirey had tried to kiss her on one occasion and that she had seen Sirey kissing another woman on another occasion. The district court properly disregarded these statements, however, because they are clearly inconsistent with Love’s deposition testimony that she had no knowledge about Sirey’s sexual orientation.[1] See S.W.S. *904 Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir.1996) (an affidavit in opposition to summary judgment that contradicts without explanation deposition testimony is properly disregarded). Love expressly does not challenge this portion of the district court’s ruling.
Second, Love offered a declaration from a co-worker who averred that on several unspecified occasions of personal conflict with Sirey when Sirey was “pissed off,” the co-worker “heard Sirey state loudly several times that the reason the men did not like her was because she was gay or female.” The district court excluded this statement as hearsay and as ambiguous. It is not hearsay if offered merely to show that Sirey made the statement or her state of mind at the time. See Fed.R.Evid. 803(3). But we do not find the statement to be clear and credible proof that Sirey is homosexual sufficient to defeat summary judgment. It is not clear whether the coworker was uncertain which of the two conditions Sirey allegedly asserted as the reason for the men’s feelings or whether the co-worker heard Sirey express one or both conditions. But at most, the statement indicates Sire/s assessment of what her male co-workers think about her and does not affirmatively show Sirey is homosexual. Love’s failure to show through sufficient proof that Sirey is homosexual is by itself fatal to her claim. See La Day, 302 F.3d at 478. We conclude that the district court properly granted summary judgment to the defendant on Love’s sexual harassment claim.
III.
Love also raises a claim of retaliation. A plaintiff raising a claim of retaliation must establish a prima facie case by showing “(1) that she engaged in activity protected by [T]itle VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action.” La Day, 302 F.3d at 483. An adverse employment action occurs when “a reasonable employee would have found the challenged action materially adverse, which ... means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.” Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) (internal quotations and citations omitted). The standard is an objective one, and “the significance of any given act of retaliation will often depend upon the particular circumstances.” Id. at 69, 126 S.Ct. 2405.
Love argues that she received unjustified discipline and negative comments in her personnel file and that she was removed from her position as a board operator without being given other light duty work. The record shows that two alarm incidents occurred while Love was working as a board operator, the first on August 17, 2006, and the second on August 28, 2006. In response to the first incident, Motiva concluded after an investigation that Love failed to take appropriate action in response to the alarm. Motiva issued her an Oral Reminder, which is the lowest of three forms of formal company discipline. After the second alarm incident, Motiva concluded that Love again failed to respond appropriately and that she should be removed from her position as board operator. Love was not given another light duty position because of physical limitations on her work capacity, and Love began collecting disability pay. We conclude that Love fails to show retaliation.
The negative comments and the Oral Reminder would not have “dissuaded a reasonable worker from making or supporting a charge of discrimination.” Burlington, 548 U.S. at 68, 126 S.Ct. at 2415. The negative comments alone were not part of Motiva’s formal disciplinary pro *905 cess and constituted coaching or counseling. The coaching comments in Love’s personnel log also included positive remarks. See Sarwal v. Principi, 226 Fed.Appx. 334, 336 (5th Cir.2007); see also Whittaker v. N. Ill. Univ., 424 F.3d 640, 648 (7th Cir.2005) (holding that evaluations and written warnings were not adverse actions because none had tangible job consequences and would not have dissuaded a reasonable employee from making a discrimination charge). The record further shows that there were colorable grounds for the Oral Reminder. Motiva presented an affidavit from the Production Assurance Manager with accompanying graphs documenting the alarm incidents and explaining the results of the company’s investigation. Love failed to meet this evidence with sufficient, competent rebuttal evidence. Although she contends that she responded appropriately to the alarm incidents, that her personnel file was altered and backdated, and that she was suspended from work for two days in addition to receiving the Oral Reminder, there is no evidence supporting her assertions, and Love conceded as much during her deposition. Summary judgment may not be defeated by unsupported, conelusory allegations. See Galindo v. Precision Am. Corp., 754 F.2d 1212, 1216 (5th Cir.1985).
Moreover, Love fails to show a causal connection between Motiva’s actions and her complaints about Sirey. Love relies primarily on timing to establish a causal connection, contending that the negative comments, Oral Reminder, and removal from her position followed closely behind contact with Motiva from her attorney and a threat to file an EEOC complaint. The suspicious timing of employment action along with significant other evidence of pretext can defeat a summary judgment motion. See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 409 (5th Cir.1999). Here, evidence of pretext is absent. “[O]nce the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive.” Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir.1997). As noted above, Motiva offered the affidavit and graphs documenting the alarm incidents. Although Love disputes the accuracy of Motiva’s evidence, we do not second-guess an employer’s non-dis-eriminatory assessment of an employee’s performance. See LeMaire v. La. Dep’t of Transp. & Dev., 480 F.3d 383, 391 (5th Cir.2007). We find nothing in the record that would persuade a reasonable jury that pretext was the real reason for Motiva’s actions. Accordingly, the district court properly granted summary judgment on the retaliation claim.
AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under *902 the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Love also points to her declaration as providing additional evidence of Sirey’s implicit suggestions for sexual activity that she "now remembers,” including Sirey's allegedly caressing Love’s shoulder and arms, making comments about Love's perfume and uniforms, and staring at her from a distance. To the extent that Love's declaration attempts to ”tell[] the same story differently” from her deposition testimony, it is properly not considered. See S.W.S. Erectors, 72 F.3d at 496.

. Contrary to the majority opinion, Love's deposition testimony that she did not know whether Sirey was gay is not "clearly inconsistent," maj. op. at 903, with her declaration and other evidence and was therefore properly before the court. If she thought she was being asked for a clinical opinion of Sirey's sexual orientation, Love may have thought she lacked the knowledge and training to make such an assessment. Further, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir.1996), on which the majority relies in disregarding parts of Love's declaration, held that an affidavit may be used in opposition to summary judgment if it clarifies or amplifies the facts by giving greater detail or additional facts not previously provided in the deposition, as is the case here. Id. at 496. Moreover, Sirey's documented statements and advances alone are enough for a trier of fact to conclude that she was homosexual. See La Day, 302 F.3d at 480 (holding evidence of a harasser’s intention "to have some kind of sexual contact with the plaintiff” "especially ‘credible’ proof that the harasser may be homosexual"); Richardson v. BFI Waste Systems of North Am., Inc., 232 F.3d 207, 2000 WL 1272455, at *2 (5th Cir.2000) (unpublished) (holding a reasonable jury could infer from the harasser's advances that he was homosexual despite denials to the contrary). But of course a reasonable trier of fact could find that Sirey harassed Love because of her sex regardless of whether Sirey was a homosexual.