**Laverne A. GENTRY, Plaintiff**

v.

**JACKSON STATE UNIVERSITY, Defendant**

**CIVIL ACTION NO. 3:15CV329TSL-RHW**

United States District Court,
S.D. Mississippi,
Northern Division.

Signed 06/15/2015

---

Louis H. Watson, Jr., Robert Nicholas Norris, Watson & Norris, PLLC, Jackson, MS, for Plaintiff.

Pope S. Mallette, Matthew W. Burris, Paul B. Watkins, Jr., Mayo Mallette, PLLC, Oxford, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

Tom S. Lee, UNITED STATES DISTRICT JUDGE

This cause is before the court on the motion of defendant Jackson State Univer-

sity (JSU) to dismiss for failure to state a claim upon which any relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Laverne Gentry has responded in opposition to the motion, asserting first, that the allegations of the complaint satisfy applicable pleading requirements as to each of her claims for relief, but requesting in the alternative that in the event the court holds otherwise, she be allowed to amend. The court, having considered the memoranda of authorities submitted by the parties, concludes that plaintiff has failed to state a claim for relief but that the case should not be dismissed at this time and that plaintiff should instead be given an opportunity to amend.

Plaintiff filed this action against her employer, JSU, for gender discrimination and retaliation under Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Equal Pay Act (EPA), 29 U.S.C. § 206(d). The Equal Pay Act requires that an employer not discriminate "between employees on the basis of sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions," 29 U.S.C. § 206(d)(1), and Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation ... because of such individual's sex," 42 U.S.C. § 2000e–2(a). Both the Equal Pay Act and Title VII prohibit retaliation against an employee for complaining about prohibited discrimination. See 29 U.S.C. § 215(a)(3); 42 U.S.C. § 2000e–3(a).

As the purported factual basis for her claims for alleged violation of Title VII and the EPA, plaintiff alleges the following: that whereas her salary at JSU covers her teaching three classes a semester, since the fall of 2011, due to a shortage of faculty, she has been teaching four classes a semester and yet has not been compen-sated for teaching these additional courses; that she has complained at every administrative level possible (about this situation); that she has not been compensated for coordinating programs, unlike her male co-workers, who have been compensated; that on January 5, 2013, she filed an EEOC charge complaining of discrimination and retaliation; that thereafter she "was subjected to harassment and retaliation"; that she began receiving letters regarding her job performance; and that on July 22, 2014, she was informed by her supervisor, Dr. Ingrad Smith, that she would no longer serve as Coordinator of the Master's Program. On the basis of these factual allegations, she alleges that JSU has discriminated against her in the terms and conditions of her employment on account of her gender and has retaliated against her by harassing her and subjecting her to different conditions of employment after she filed her EEOC charge.

When considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To satisfy this standard, the complaint must allege enough facts to move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S.Ct. 1955. "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (citations and quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, Id. (citations omitted). The question for the court is whether plaintiff has "pleaded factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

▮ In the court's opinion, under these standards, JSU is correct in its contention that the allegations in the complaint relating to plaintiff's being required to teach a fourth class without compensation do not state a claim for relief as they do not suggest a plausible factual basis for finding gender discrimination. In relation to this putative claim, plaintiff does not allege that she was compensated any differently than any male, that she was paid unequal wages for equal work, that she was assigned a fourth class because she was female, or that male assistant professors were not assigned a fourth class. The allegations in the complaint do not provide a factual basis from which one could draw the necessary inference that JSU discriminated against plaintiff *based on her gender* with respect to her assignment to teach or her compensation for teaching these extra courses.

▮ As to plaintiff's allegation that she "has not been compensated for coordinating programs, unlike her male coworkers who have," JSU argues that the complaint fails to state a claim for relief under Title VII because plaintiff does not allege that she performed work requiring substantial-

ly the same responsibility, an essential element of her claim under Title VII, see Sanders v. W. Water Features, Inc., 248 Fed.Appx. 576, 577 (5th Cir.2007) (to establish a *prima facie* case of discrimination involving "discriminatory compensation, a plaintiff must prove '(1) that she is a member of a protected class and (2) that she is paid less than a nonmember for work requiring substantially the same responsibility.'") (quoting Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1431 (5th Cir. 1984)), or that she performed work requiring equal skill, effort, and responsibility under similar working conditions as any employee of the opposite sex, as required to state a viable claim for relief under the Equal Pay Act, see Reznick v. Associated Orthopedics & Sports Medicine, P.A., 104 Fed.Appx. 387, 390 (5th Cir.2004) (to establish a *prima facie* case for violation of the Equal Pay Act, the plaintiff "must offer proof . . . that she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and . . . that she was paid less than a male employee in that position"). In her response, plaintiff points out that she is not required to plead a *prima facie* case of discrimination in the complaint. See Stone v. Louisiana Dept. of Revenue, 590 Fed. Appx. 332, 339 (5th Cir.2014) (holding that district court "improperly substituted 'an "evidentiary standard" for a "pleading requirement"'" by requiring the plaintiff "'to make a showing of each prong of the *prima facie* test . . . at the pleading stage'") (quoting Raj v. Louisiana State Univ., 714 F.3d 322, 331 (5th Cir.2013), in turn quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). However, while plaintiff "need not plead a *prima facie* case, she is not exempt from her obligation to 'allege facts sufficient to state all the elements of her claim.'" Id. (quoting Mitchell v. Crescent River Port Pilots Ass'n, 265 Fed.

Appx. 363, 370 (5th Cir.2008)).[1] In the court's opinion, she has not done that here. Plaintiff has alleged nothing more than that she "has not been compensated for coordinating programs, unlike her male co-workers who have." The court cannot reasonably infer from this that plaintiff was paid less than male employees for work requiring substantially the same responsibility.

Turning to her retaliation claim, JSU argues that plaintiff has failed to state a claim for relief because her complaint does not identify anything that would actually qualify as an adverse employment action or indicate any basis for finding a causal link between her EEOC charge and any putative adverse employment action. See Young v. Midlothian Indep. School Dist., No. 3–11–CV–0123–BD, 2012 WL 1570132, at *3 (N.D.Tex. May 3, 2012) ("An essential element of a retaliation claim is a 'causal link' between the protected activity and the adverse employment action.") (citing McCoy v. City of Shreveport, 492 F.3d 551, 556–57 & 562 (5th Cir.2007)). An adverse employment action is "one that 'a reasonable employee would have found ... [to be] materially adverse, which in [the retaliation] context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Puente v. Ridge, 324 Fed.Appx. 423, 429 (5th Cir.2009) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)). An employment action is not materially adverse if it amounts to only "petty slights or minor annoyances that often take place at work and that all employees experience." Burlington, 548 U.S. at 68, 126 S.Ct. 2405.

Plaintiff alleges in her complaint that after she filed her EEOC charge, she was subjected to harassment and retaliation; that she began receiving letters regarding her job performance; and that on July 22, 2014, she was informed by her supervisor, Dr. Ingrad Smith, that she would no longer serve as Coordinator of the Master's Program. JSU contends, and in the court's opinion correctly so, that plaintiff's allegation that she was subjected to unspecified harassment and retaliation is conclusory and hence is properly disregarded. See Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 439 (5th Cir.2009) ("[B]ut conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks omitted).

Plaintiff's further allegation that she began receiving "letters regarding her job performance" after she filed her EEOC charge is hardly illuminating. Plaintiff does not identify from whom such letters were sent or allege (even generally) the content of any such letters, how many letters were received or when she received them in relation to when she filed her EEOC charge. Typically, "written warnings and unfavorable performance reviews are not adverse employment actions," Jackson v. Honeywell Intern., Inc., 601 Fed.Appx. 280, 286 (5th Cir.2015), though there can be circumstances in which such matters would rise to the level of adverse employment actions. Cf., e.g., id. (stating that "written warnings and unfavorable performance reviews are not adverse employment actions *where colorable grounds exist for disciplinary action*") (emphasis added). However, there is nothing in the complaint herein to suggest that this is

---

**1.** JSU did not contend in its motion that plaintiff was required to plead a *prima facie* case in order to avoid dismissal. In fact, it specifically stated in its brief that plaintiff

"need not make out a *prima facie* case to avoid dismissal under Rule 12(b)(6), because that confuses eventual evidentiary standards with present pleading requirements."

such a case. Plaintiff's mere recitation that she received letters relating to her job performance, without more information, is not sufficient to state a viable claim for retaliation.

 Plaintiff's final allegation, that she was removed from her position as Coordinator of the Master's Program, could well qualify as an adverse employment action. However, according to the complaint, this event occurred eighteen months after plaintiff filed her EEOC charge. In some cases, temporal proximity can provide the necessary causal link between protected activity and an adverse employment action. See Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 502 (5th Cir.2015) ("a narrow band of retaliation claims can establish causation by the 'very close' temporal proximity alone") (citing Clark County School Dist. v. Breeden, 532 U.S. 268, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Here, however, the allegations of plaintiff's complaint would seem to belie a finding of temporal proximity, see Williams v. Recovery School Dist., 859 F.Supp.2d 824, 831–32 (E.D.La.2012) (finding that the plaintiff failed to allege facts in support of causal link necessary to support retaliation claim where it appeared from complaint that "roughly sixteen months passed between when Williams filed his first EEOC charge and when RSD terminated his employment"), and certainly so in the absence of something that would link this alleged action by JSU to plaintiff's EEOC charge. No such link is alleged. The court thus finds that plaintiff has failed to state a claim for retaliation.

With that said, the court notes that plaintiff has requested to amend her complaint in the event the court finds her existing complaint deficient. JSU, aware of this request, made no mention and hence no objection in its rebuttal submission. For this reason, and because the court otherwise finds the request well taken, the court will not dismiss the complaint at this time but will instead grant the plaintiff an opportunity to amend her complaint in order to address the deficiencies identified here.

Accordingly, based on all of the foregoing, it is ordered that defendant's motion to dismiss will be denied at this time and that plaintiff shall have ten days from this date, until June 25, 2015, in which to file her amended complaint. In the event she should fail to timely file her amended complaint, the court will dismiss this cause without further notice.

SO ORDERED this 15th day of June, 2015.