# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2025

Lyle W. Cayce
Clerk

No. 24-20173

Tim Spencer,

*Plaintiff—Appellant*,

*versus*

Shell Exploration & Production Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-4166

_____

Before Smith, Clement, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Tim Spencer objected on religious grounds to a company policy requiring him to be vaccinated against COVID-19. Spencer alleged that Shell Exploration and Production Company ("Shell") gave him six months to find a new position not subject to the vaccine requirement. Spencer later sued Shell for religious discrimination and retaliation. The district court granted Shell's motion to dismiss. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20173

## I.

### A.

Spencer began working for Shell in 2008. In 2019, Spencer entered a role as an offshore worker. In November 2021, Shell announced a mandatory vaccination policy, effective January 1, 2022, requiring all offshore workers to be vaccinated against the COVID-19 virus. In December 2021, Spencer applied for a permanent exemption from the vaccine requirement on religious grounds.

Shell denied Spencer's application on January 14, 2022, explaining that it would cause undue hardship to allow an unvaccinated employee to work offshore. Shell also informed Spencer that it would terminate his employment if he did not find another position at Shell that was exempted from the vaccine mandate by May 2022.

In April 2022, Spencer filed a charge of discrimination against Shell with the Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination. That same month, Spencer's supervisor informed him that he would receive a disciplinary letter if he did not complete a Medical Release Form by the end of the day. Spencer complied, but on April 21, Shell placed Spencer on a performance improvement plan ("PIP"). On May 3, Shell gave Spencer until July 16, 2022, to find a new position or face termination.

### B.

After Spencer received his right-to-sue letter from the EEOC in October 2022, he filed suit against Shell, alleging religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Shell then moved to dismiss both claims. In response, Spencer filed an opposition brief asserting facts not contained in his complaint and

including new documents as attachments. Shell replied that the district court should disregard those facts and documents because if Spencer wanted to expand his complaint, he needed to request leave to amend.

Siding with Shell, the district court prevented Spencer from expanding his complaint through his opposition brief. Looking solely at Spencer's complaint, the district court determined that he had failed to state a claim for either religious discrimination or retaliation. As to the discrimination claim, the district court held that Spencer alleged facts showing that Shell granted him a reasonable accommodation by giving Spencer from January until July 2022 to find a new position. Regarding retaliation, the district court found that Spencer failed to allege that no colorable grounds existed for the PIP and that therefore he did not sufficiently plead a materially adverse employment action. The court also explained that the warning on May 3 could not have been done in retaliation for the April EEOC charge because the warning merely reiterated what Shell had told Spencer in January: find another position or be terminated. Spencer now appeals the district court's dismissal of his claims.

## II.

"We review a district court's grant of a motion to dismiss for failure to state a claim de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.'" *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

No. 24-20173

## III.

Spencer raises three issues on appeal: (A) the trial court's not giving him an opportunity to amend his complaint, (B) the religious-discrimination claim, and (C) the retaliation claim. We address each in turn.

## A.

Spencer contends that the district court erred in not granting him the chance the amend his complaint. But Spencer concedes that he never asked for leave to amend, and "we will not review a court's refusal to grant the plaintiff leave to amend when the plaintiff has not expressly requested leave." *McClaine v. Boeing Co.*, 544 F. App'x 474, 476 (5th Cir. 2013) (per curiam) (citing *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). We do not depart from this practice here.

## B.

Spencer next argues that the district court erred in dismissing his claim for religious discrimination. "Title VII prohibits an employer from discriminating against an employee on the basis of her religion, unless the employer is unable to reasonably accommodate the employee's religious exercise without undue hardship to its business." *Tagore v. United States*, 735 F.3d 324, 329 (5th Cir. 2013).

> To establish a prima facie case of religious discrimination under Title VII, the plaintiff must present evidence that (1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement.

*Id.*

No. 24-20173

Spencer's complaint lacks any factual allegation that he ever suffered an adverse employment action. According to the complaint, Spencer was "informed that his employment would be terminated if he failed to secure another position at Shell that was exempted from the vaccine mandate by May 2022." And in May, Shell sent Spencer a letter stating that he could continue to work "for another 60 days with pay" but "that he would be terminated on July 16, 2022 if he failed to get vaccinated or be selected for another onshore position." Crucially, Spencer did not allege that Shell ever terminated him. Nor did he allege that he resigned in lieu of termination and took an inferior job at a different Shell company.

On appeal, Spencer concedes that his complaint does not allege termination or resignation. This is fatal to his discrimination claim. Spencer argues that the complaint's request for "lost wages" suggests "either the loss of his job or some other bona fide adverse action." But a bare request for lost wages, without any allegation about what caused that loss, cannot satisfy Spencer's burden to avoid dismissal. *See Ashcroft*, 556 U.S. at 678 (noting that the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Because Spencer failed to allege an adverse employment action, we affirm the dismissal of his religious-discrimination claim.

## C.

Finally, Spencer objects to the dismissal of his retaliation claim. "Separate from a religious discrimination claim, Title VII makes it unlawful for an employer to retaliate against an employee who opposes an employment practice that violates Title VII." *Davis v. Fort Bend County*, 765 F.3d 480, 489 (5th Cir. 2014).

> To state a claim for retaliation in violation of Title VII, a
> plaintiff must allege that "(1) he participated in an activity

5

protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action."

*Leal v. McHugh*, 731 F.3d 405, 416–17 (5th Cir. 2013) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007), *abrogated in part on other grounds by Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023) (en banc)).

Spencer maintains that Shell retaliated against him by placing him on a PIP and issuing a termination warning in May 2022. As to the PIP, we have indicated that "written warnings and unfavorable performance reviews are not adverse employment actions where colorable grounds exist for disciplinary action." *Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 286 (5th Cir. 2015). Spencer fails to allege—in a non-conclusory manner—that Shell's grounds for the PIP were pretextual or unjustified. The district court correctly dismissed this claim.

As to the termination warning from May 2022, the district court noted that Shell first told Spencer that he must find another position or face termination in January—months before he filed his EEOC charge in April. Thus, it stands to reason that Spencer's filing of the charge did not *cause* Shell to retaliate, as it had already given him the warning in January. Further, the warning gave Spencer additional time to find an alternative position, a measure that can hardly be said to "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (cleaned up).

## IV.

For these reasons, we AFFIRM the district court's dismissal of Spencer's claims.